IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. TRAUB, <br>     Plaintiff <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br>     Defendant | CIVIL ACTION NO. 3:11-1369 <br><br> (JUDGE NEALON) <br><br> (MAGISTRATE JUDGE CARLSON) |

## MEMORANDUM

On July 22, 2011, Plaintiff, William Traub, filed a complaint seeking review of the dismissal of his application for Social Security disability benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Martin C. Carlson on February 7, 2012 recommending that Plaintiff's appeal be denied. (Doc. 12). Plaintiff filed objections to the Report and Recommendation ("R&R") on February 23, 2012 and Defendant filed a response on March 7, 2012. (Docs. 13, 14). The matter is ripe for disposition and, for the reasons set forth below, the R&R will be adopted.

**FILED**
**SCRANTON**
MAY 18 2012
PER _____
DEPUTY CLERK

### Standard of Review

When objections to a Report and Recommendation have been filed, the court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate

judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987)); compare Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that in the absence of objections, "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

**Background**

Plaintiff filed an application for disability insurance benefits and supplemental security income on April 15, 2009, alleging disability since September 11, 2007, due to diabetes, anxiety, high blood pressure, knee problems, hypertension, headaches, rashes, joint stiffness/ arthritis, mental depression, muscle tension, difficulty with memory and concentrating, and panic attacks. (Tr. 97-110, 122). After his request for benefits was denied at the initial level, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 31-44). Plaintiff then waived his right to personally appear at the ALJ hearing. (Tr. 45). ALJ Raymond J. Zadzilko issued a decision on June 10, 2010 denying Plaintiff benefits. (Tr. 12-28). Plaintiff filed another request for a hearing before an ALJ which was considered as a request for review by the Appeals

Council. (Tr. 9). The Appeals Council denied Plaintiff's appeal, making the decision of the ALJ final. (Tr. 1-9). The instant appeal followed. (Doc. 1).

On November 4, 2011, Plaintiff filed a brief in support of his appeal. (Doc. 8). The Commissioner filed an opposing brief on January 6, 2012. (Doc. 11). The Magistrate Judge issued a Report on February 7, 2012 recommending that Plaintiff's complaint be dismissed. (Doc. 12). Plaintiff filed timely objections to the R&R on February 23, 2012 and Defendant filed a response on February 23, 2012. (Docs. 13, 14).

**Disability Determination Process**

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. See 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a plaintiff is disabled or not disabled, review does not proceed any further. 20 C.F.R. §§ 404.1520, 416.920. The steps in the process are as follows: (1) Is the individual engaging in substantial gainful activity? (2) Does the individual have a severe impairment? (3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1? (4) Does the individual retain the residual functional capacity ("RFC") to engage in his past relevant work? and (5) If an individual does not have the capacity to engage in his past work, does he retain the capacity to perform jobs which exist in significant numbers in the national economy? See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. See

Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule. The residual functional capacity assessment must include a discussion of the individual's abilities. Id.; 20 C.F.R. §§ 404.1545 and 416.945; Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).").

The disability determination involves shifting burdens of proof. Mason v. Shalala, 994 F.2d 1058, 1063-64 (3d Cir. 1993). The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work. Id. at 1064. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

**Discussion**

The ALJ proceeded through each step of the sequential evaluation process and determined that Plaintiff was not disabled. (Tr. 17-27). At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity at any time since September 11, 2007, the alleged disability onset date. (Tr. 17). At step two, the ALJ found that Plaintiff suffered from the severe impairments of diabetes mellitus, degenerative joint disease of the left knee, osteoarthritis of the left knee, major depressive disorder, recurrent, moderate, generalized anxiety disorder and cognitive disorder. (Tr. 17-19). The ALJ proceeded to step three and determined that Plaintiff's impairments did not meet or medically equal the Listing requirements, either singly or in combination. (Tr. 19-22).

At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform light duty work with added limitations.[1] (Tr. 22). The ALJ determined that Plaintiff is unable to perform any of his past relevant work, but there are a significant number of jobs in the national economy that Plaintiff can perform. (Tr. 27-28). Plaintiff was therefore found to be not disabled within the meaning of the Social Security Regulations. (Tr. 28). Plaintiff sought review of the ALJ's decision; however, the Appeals Council denied review and Plaintiff appealed to this Court. (Tr. 1-9). In the Report and Recommendation, the Magistrate Judge determined that there is substantial evidence supporting the ALJ's decision. (Doc. 12).

In his objections, Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because his complaint satisfies all the pleading requirements and the Magistrate Judge erred in concluding that the Commissioner's decision should be upheld. (Doc. 13). In the brief in support of his objections, Plaintiff has not set forth any specific arguments in support of these objections. Instead, Plaintiff states that the ALJ applied the incorrect standard of law and erred in evaluating the medical evidence. (Doc. 13-1, pg. 4). Plaintiff also states that the opinion of his treating physician is supported by the evidence of record; however, Plaintiff has not referenced any evidence in support of this statement. (Doc. 13-1, pg. 4).

Regarding Plaintiff's treating physician, Dr. Sweetland, the Magistrate Judge determined that substantial evidence supports the ALJ's evaluation of Dr. Sweetland's opinion and the ALJ

---

[1] The ALJ found that Plaintiff can perform light duty work limited to no more than occasional climbing, kneeling, crouching and crawling, limited to simple, routine, low stress work with no deadlines or fast paced production, he can have no interaction with the public, no more than occasional interaction with co-workers and supervisors, and no teamwork jobs. (Tr. 22).

properly accorded limited weight to his opinion. (Doc. 12, pgs. 21-23). The ALJ is required to evaluate every medical opinion received. 20 C.F.R. § 404.1527(d). The better an explanation a source provides for an opinion, particularly through medical signs and laboratory findings, the more weight the ALJ will give that opinion. 20 C.F.R. § 404.1527(d)(3). While treating physicians' opinions may be given more weight, there must be relevant evidence to support the opinion. 20 C.F.R. § 404.1527(d). Automatic adoption of the opinion of the treating physician is not required. See Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). In addition, the issue of disability determination is reserved to the Commissioner. 20 C.F.R. § 416.927(e)(3).

Magistrate Judge Carlson noted that the ALJ correctly determined that Dr. Sweetland's opinion was limited in its content, other treating or examining physicians did not have the same findings, his opinion was not supported by his own treatment notes and his notes contained observations that were inconsistent with claims of disability. (Doc. 12, pgs. 22-23). Upon review, the Magistrate Judge did not err in finding that substantial evidence supports the ALJ's evaluation of the medical evidence and, specifically, Dr. Sweetland's opinion.

In the response to Plaintiff's objections, the Government notes that Plaintiff only broadly and generally argues that the Magistrate Judge erred in his R&R. (Doc. 14). The Government further states that the parties have already presented their arguments on whether substantial evidence supports the Commissioner's final decision. (Doc. 14, pg. 2). In its appeal brief, the Government argues that Dr. Sweetland's opinion is not entitled to controlling weight because no other physicians opined that Plaintiff was as limited as Dr. Sweetland stated he was, Dr. Sweetland's opinions are not well-supported by his own treatment notes, Dr. Sweetland's opinions are inconsistent with the other medical opinions of record regarding Plaintiff's physical

and mental limitations, Dr. Sweetland's opinions are inconsistent with Plaintiff's own statements regarding his activities and capabilities, and the disability opinion is ultimately reserved to the Commissioner. (Doc. 11, pgs. 15-24).

After de novo review, this Court will adopt the R&R. Magistrate Judge Carlson has not erred in determining that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The Magistrate Judge has thoroughly evaluated the medical evidence and the parties' arguments. Accordingly, the Report and Recommendation will be adopted. A separate order follows.

**Date:** May 18, 2012

_____
**United States District Judge**